UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    v.                                          **DECISION AND ORDER**
                                                      12-CR-103S (3)

TYRONE BROWN,

                Defendant.

       1.       Presently before this Court is Defendant Tyrone Brown's Motion to Revoke Detention Order, filed on March 28, 2016.  (Docket No. 532.)  Defendant seeks pretrial release on the basis that (1) he has been in custody since August 1, 2012, (2) the government's evidence against him has weakened due to the suppression of certain evidence, and (3) the government has determined that it will not seek the death penalty against him.  Defendant requests that this Court consider releasing him with conditions on signature bonds.  The government opposes the motion.  For the following reasons, Defendant's motion is denied.

       2.       Under the Bail Reform Act, 18 U.S.C. §§ 3141, et seq., pretrial detention is available only pursuant to § 3142(e).  See 18 U.S.C. § 3142(a)(4); United States v. Dillard, 214 F.3d 88, 90-91 (2d Cir. 2000).  That subsection expressly authorizes the pretrial detention of a defendant upon a judicial finding that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community."  18 U.S.C. § 3142(e).  Factors that must be assessed to make this determination are set forth in 18 U.S.C. § 3142(g).

       3.       Also applicable here, given the nature of the charges against Defendant, is

the rebuttable presumption in § 3142(e)(3). Under that provision, it is presumed, subject to rebuttal, "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community," if there is probable cause to believe that the person committed one of the offenses to which the presumption attaches.

4.  In this Court's view, Defendant has not rebutted the presumption described above, nor is there otherwise cause to revoke the Magistrate Judge's detention order. First, contrary to Defendant's argument, his promise to appear and abide by conditions of release does not alone rebut the statutory presumption of flight.

5.  Second, while the suppression of certain eyewitness evidence pertaining to *one* of the murders Defendant is charged with may weaken the government's case on that count, Defendant nonetheless continues to face serious violent crimes, including a second murder. Defendant faces racketeering and RICO conspiracy charges, as well as multiple counts of violent crime in aid of racketeering and carrying and using a firearm. Defendant, in fact, has admitted his involvement in the death of Harold McCain (the second alleged murder), although this Court understands that Defendant will claim self defense at trial. Be that as it may, the suppression of this evidence does not detract from the seriousness of the charges against Defendant or weaken the government's overall case such that pretrial release is warranted. Similarly, the government's election not to pursue the death penalty also does not warrant release on bail.

6.  Third, although Defendant has been detained pending trial for approximately 45 months, trial is now set for October 4, 2016, and Defendant has made no showing that his pretrial detention is unconstitutional: the government is not solely responsible for the

delay; the charges against Defendant and the penalties he faces are grave; and there exists a presumption of dangerousness. See United States v. El-Hage, 213 F.3d 74, 79 (2d Cir. 2000) (discussing factors that must be considered to determine if length of pretrial detention is unconstitutionally excessive); see United States v. Rounds, 619 Fed.Appx.40, 41 (2d Cir. Oct. 30, 2015) (upholding pretrial detention of almost 66 months).

7. Finally, although this Court understands that Defendant's pretrial detention may be an impediment to preparing for trial, this too is an insufficient basis to order pretrial release in a case such as this, where no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of any other person and the community.

8. Consequently, for all of these reasons, Defendant's Motion to Revoke the Detention Order is denied.

IT HEREBY IS ORDERED, that Defendant's [532] Motion for Release is DENIED.

FURTHER, that Defendant's pretrial detention shall be maintained pursuant to 18 U.S.C. § 3142(e).

SO ORDERED.

Date: May 9, 2016
      Buffalo, NY

/s/William M. Skretny
WILLIAM M. SKRETNY
United States District Judge